UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| NANCY LESTER | CIVIL ACTION |
| VERSUS | NO: 15-3246 |
| DILLARD DEPARTMENT STORES, INC. | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court Defendant's Motion for Summary Judgment (Doc. 26). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On June 25, 2014, Plaintiff Nancy Lester was walking through the Dillard's Department Store at Lakeside Mall in Metairie, Louisiana. As she was walking past a merchandise display, she tripped over the legs of the table, causing her to fall. Plaintiff contends that the legs of the table protruded slightly wider than the top of the table and that the tablecloth pooled at the bottom, obscuring the legs. She avers that she sustained serious injuries as a

1

result of her fall. Defendant Higbe LANCOMS, LP ("Dillard's") moves for summary judgment, arguing that the table constitutes an open and obvious condition. Plaintiff opposes.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant contends that the open and obvious nature of the table precludes a finding of negligence. Plaintiff responds, averring that genuine issues of material fact regarding the risk posed by the table preclude summary judgment. Additionally, Plaintiff argues that she is entitled to an "adverse inference" because Dillard's destroyed relevant camera footage. The Court will first address whether any adverse inference should apply.

### I. An Adverse Inference is Not Warranted

Defendant contends that she is entitled to an adverse inference because "Dillard's admitted that it destroyed any video surveillance of the time around

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

when Ms. Lester fell." This contention is simply not supported by the record evidence before the Court. Dillard's has consistently stated that no video surveillance ever existed of the accident. Plaintiff has presented no evidence to refute this assertion, but rather would have this Court presume that Dillard's destroyed the video evidence because it conducted an investigation and found that none existed. This Court declines to make such an assumption. Accordingly, no adverse inference is warranted.

## II. The Nature of the Complained of Condition Was Open and Obvious to All

Under Louisiana law, liability predicated on negligence is governed by the duty-risk analysis articulated by the Louisiana Supreme Court. There are five basic elements of this analysis—duty, breach, cause in fact, legal cause, and actual damages.[9] In addition to these elements, a merchant's liability for a trip and fall is further governed by La. Rev. Stat. 9:2800.6, which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

---

[9] *Pitre v. Louisiana Tech University*, 673 So.2d 585, 589–90 (La. 1996).

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Defendant argues that Plaintiff cannot demonstrate that condition of the display constituted an unreasonably dangerous condition. "[A] defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated the hazard should be one that is open and obvious to everyone who may potentially encounter it."[10] Additionally, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear.[11] Summary judgment is appropriate where the Plaintiff has failed to present evidence that the complained-of condition or thing is unreasonably dangerous.[12]

Defendant makes an obvious yet salient point: all tables have legs. Accordingly, it is open and obvious to all who encounter a table covered with a tablecloth that there will be legs beneath supporting the table. Even accepting

---

[10] *Bufkin v. Felipe's Louisiana, LLC,* 171 So.3d 853, 856 (La. 2014).
[11] *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So. 2d 228, 235 (La. 2004).
[12] *Allen v. Lockwood*, 156 So. 3d 605 (La. 2015).

as true Plaintiff's newfound allegations that the tablecloth was pooled at the bottom does nothing to alter this conclusion, as there must be legs beneath the table for support regardless of whether the tablecloth is pooled or straight. Plaintiff also contends that the legs of the table were slightly wider than the top; however, she has come forward with no evidence to indicate that such a condition presented an unreasonable risk of harm. Plaintiff could have safely navigated the area by avoiding the tablecloth entirely, as the tablecloth clearly delineated the circumference of the table and its legs.[13] Although the Court is cognizant of the severity of Plaintiff's injuries, summary judgment is granted due to the open and obvious nature of the complained of condition.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 3rd day of June, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] This fact is clearly evidenced by the photographs taken of the display on the day of the accident. (Doc. 26-6).